UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Kevin Boulais, | ) | C/A No.: 8:07-cv-00446-GRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States, Williamsburg Regional | ) | |
| Hospital, Victor Loranth, M.D., | ) | |
| and Gilbertas Rimkus, M.D., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation, prepared pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on October 9, 2007. The plaintiff filed timely objections to the Report and Recommendation on October 22, 2007. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation.

### Background

The magistrate carefully laid out the facts in the Report and Recommendation as follows:

> The plaintiff is a federal inmate currently incarcerated at the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner"). (Compl. ¶ 1.) On January 10, 2005, while incarcerated at Federal Correctional Institution in Beaumont, Texas ("FCIBeaumont"), the plaintiff noticed a lump in his throat. The plaintiff was examined by medical

personnel and prescribed antibiotics for approximately two months. (*Id.* ¶ 9.)

On February 28, 2005, the lump was noted in the plaintiff's medical records and it was suggested the area be kept under observation. (*Id.* ¶ 10.) From March 3-25, 2005, the plaintiff was housed at the Federal Transfer Center in Oklahoma City ("FTC-Oklahoma City") where he did not receive any medical care. (*Id.* ¶ 11.) From March 29 -April 28, 2005, the plaintiff was housed at the United States Prison in Atlanta, Georgia ("USPAtlanta") where he received no medical care. (*Id.* ¶ 12.)

On April 28, 2005, the plaintiff was transferred to the Federal Correction Institution in Williamsburg, South Carolina ("FCI-Williamsburg"). (*Compl.* ¶ 13.) On May 31, 2005, the plaintiff was seen by Dr. Loranth who recommended that the plaintiff be transferred to defendant Hospital for a biopsy/possible excision. (*Pl.'s Mem. Opp. Summ. J. Mot.* at 2.)

On August 1, 2005, Dr. Rimkus performed a biopsy of the lump. (*Compl.* ¶ 15.) The plaintiff received no further medical care at the Hospital or FCI-Williamsburg. (*Pl.'s Mem. Opp. Summ. J. Mot.* at 2.) On August 9, 2005, Dr. Rimkus relayed the biopsy results, which showed the plaintiff had cancer, to Dr. Loranth. On September 1, 2005, the plaintiff was transferred to Federal Medical Center in Butner, North Carolina ("FMC-Butner"). (*Compl.* ¶ 17.) After arriving at FMC-Butner, the plaintiff received radiation and chemotherapy and in November of 2005 the lump was surgically removed. (*Id.* ¶¶ 17-18). Currently, the plaintiff's cancer is in remission. (Docket # 32- Defs.' Mem. Supp. Summ. J. Mot. Ex. 7).

In the claim, the plaintiff alleged a sum certain of $1.5 million in damages. (*Id.*) On June 19, 2006, the United States denied the plaintiff's Form 95. (*Id.* Ex. 8.) The plaintiff filed for reconsideration on July 17, 2006. (*Id.* Ex. 9.) On August 25, 2006, the plaintiff was denied reconsideration of the denial of his claim. (Docket Entry # 32- *Defs.' Mem. Supp. Summ. J. Mot.* Ex. 10.)

On January 2, 2007, counsel for the plaintiff filed an Amended Form 95 with the BOP in which he alleged that the BOP employees and contract employees at FTC - Oklahoma City, USP-Atlanta, and FMC-Butner had also

> misdiagnosed the cancer. The plaintiff alleged $10 million in damages. (Docket # 32- Defs.' *Mem. Supp. Summ. J. Mot.* Ex. 12.) On January 10, 2007, the BOP informed the plaintiff that his Amended Form 95 was not accepted on the grounds that it was an improper amendment of the plaintiff's first Form 95 and it was filed after the agency's determination on the first Form 95. (*Id.* Exs. 13 & 14.) The plaintiff filed this action on February 13, 2007.

*R & R* at 2-4.

### **Standard of Review**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The plaintiff filed four objections.

## Discussion

First, the plaintiff argues that the magistrate "erred in concluding that the Court lacks subject-matter jurisdiction under the Federal Tort Claims Act (FTCA) to adjudicate the medical negligence claims set forth in the Complaint." *Pl's Objs.* at 1.  However, rather than supporting this conclusory objection by directing this Court to a "specific error in the magistrate's proposed findings and recommendation," *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982), the plaintiff's attorney merely cut and pasted entire sections from his August 31, 2007 Motion in Opposition to Dismiss or in the Alternative for Summary Judgment.  Beyond minor stylistic changes, the plaintiff's attorney did add the sentence, "Admittingly. [sic] the January 2, 2007 administrative claim amended the allegation s [sic] in regard to FCI Beaumont and FCI Williamsburg, but alleged new and not previously reviewed claims against FTC Oklahoma City and FTC Atlanta." *Pl's Objs* at 5.  This sentence cannot be construed as a specific objection.  This Court need not perform a *de novo* review of this objection, because the plaintiff did not make a specific objection to the magistrate's Report and Recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983); *United States v. One Parcel of Real Property*, 73 F.3d 1057 (10th Cir. 1996) (stating that failure to file specific objections to the magistrate's report bars appellate review); *Howard's Yellow Cabs, Inc. v. United States*, 987 F.Supp. 469, 474 (W.D.N.C. 1997) (stating that "[a] litigant who objects only in vague or general terms to the magistrate judge's recommendation, thereby preventing the district court from focusing on

specific issues for review, renders the initial reference to the magistrate judge useless and frustrates the purposes of the Magistrates Act. Such objections do not constitute an 'objection' under 28 U.S.C. § 636(b)(1)").

Each of the plaintiff's subsequent "objections" suffer from this same defect. The second and fourth objections are from the plaintiff's August 31, 2007 Motion in Opposition; the third objection is from the plaintiff's August 14, 2007 Motion in Opposition. Like the first objection, but for a few minor stylistic changes, the latter three are cut and pasted. Objections to the magistrate's Report and Recommendation are not a subsequent opportunity to reargue the merits of a case, they are an opportunity to demonstrate to this Court particular errors in the magistrates reasoning. By rearguing his case verbatim, the plaintiff apparently asks this Court to disagree with the magistrate's findings and ignore Plaintiff's tacit admission that the recommendation applies sound legal principles to the facts of this case. Therefore, in the absence of any *specific objections* to the magistrate's Report and Recommendation, this Court need not conduct a *de novo* review of any of the plaintiff's "objections."

## Conclusion

After a thorough review of the magistrate's Report and Recommendation, this Court finds that it applies sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the Defendants Williamsburg and Dr. Rimkus' Motions for Summary Judgment and the Defendants the United States and Dr. Loranth's Motion for Summary Judgment be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

November 26, 2007
Anderson, South Carolina